UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LONG ISLAND CONCRETE PUMPING CORP.,

                        Plaintiff,                    **ORDER**
                                                                    CV 09-1031 (TCP)(ARL)

       -against-

MACK TRUCK, INC., *et al.*,

                        Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

     Before the court is the plaintiff's letter application, dated September 13, 2010, moving for an order to compel defendants (1) to respond to its Request For Production of Documents dated March 10, 2010; (2) to respond to its Request For Production of Documents dated August 12, 2010; and (3) to respond to two Requests For Production of Documents dated August 16, 2010. The defendant opposes the application contending that they have fully complied and produced those responsive documents in their possession which are not subject to valid objection and privilege.

     Also before the court are the defendants' two letter applications, dated September 16 and 17, 2010, moving for an order to compel the plaintiff (1) to produce materials the defendants had requested the plaintiff to produce but that the plaintiff had either failed to produce or made an objection to the production; and/or (2) to preclude the plaintiff from using certain discovery materials that the plaintiff either allegedly failed to produce or were not timely produced. The plaintiff opposes both applications. By letter application, dated September 27, 2010, the defendants seek to object to the plaintiff's opposition and requests clarification of the scheduling order for pretrial motions. The court rejects that portion of the defendants' letter application that seeks to reply to the plaintiff's opposition, *see* Local Rule 37.3(c). The scheduling order for pretrial motions is addressed *infra*.

     The plaintiff's motion and the defendants motions are denied at this time. The parties delayed until 3 days prior to the scheduled completion of discovery to raise 4 discovery motions and then submitted a fifth discovery motion after the close of discovery. There is no indication that counsel conferred with each other prior to making any of those applications. Local Rule 37.3 and the undersigned's individual rules require the attorneys for the affected parties to confer either in good faith in person or by telephone in an effort to resolve the disputes prior to seeking judicial intervention. It is clear by the parties' letter applications that this rule was ignored and counsel instead chose to engage in letter writing campaigns or simply chose to ignore one another. The court now directs counsel for the parties to **meet** and confer in good faith by no later than October 29th to resolve or at the very least narrow the respective disputes. Following such meeting a joint status letter must be submitted to the court by no later than November 5th

outlining what issues were resolved and what issues remain for the court.  To the extent that certain materials requested by either party contain information of a proprietary and/or confidential nature, counsel for the parties are directed to consider a confidentiality agreement restricting their use to this litigation.  Alternatively, a privilege log in accordance with Local Rule 26.2 must be prepared no later than November 5th.  The request for an adjournment of discovery is denied.  The schedule will be extended as needed for the limited purpose of complying with this order.

Also before the court is the plaintiff's letter application, dated September 15, 2010, seeking (1) to compel a non-party witness, Rick Norris, to comply with its subpoena; and (2) costs and sanctions against the non-party witness, Mr. Norris, and his counsel for failing to appear for a deposition, including, but not limited to $1,400.00 in attorney's fees, $125.00 in court reporter fees and jail time for allegedly a "background of abusive and obstructive behavior regarding depositions."  Counsel for the non-party witness, Mr. Norris, objects to the plaintiff's accusations on the ground that they are baseless, states that he has no objection to producing Mr. Norris once jurisdiction has been properly obtained and with sufficient notice, and opposes the plaintiff's application for costs and sanctions.  Although the plaintiff did not seek relief against the defendants with respect to this matter, defense counsel has submitted its opposition to the plaintiff's application.

The plaintiff's application is granted, in part.  The plaintiff's first subpoena served on Mr. Norris on August 16, 2010 was defective based on improper service.  Thereafter, while the plaintiff properly served Mr. Norris on September 8, 2010, the subpoena was nevertheless defective in that sufficient notice was not provided for the scheduling of the deposition.  The plaintiff noticed the deposition for September 15, 2010 despite having been advised by Mr. Norris' counsel on September 7, 2010 that he would be unavailable to produce Mr. Norris for a deposition on September 15, 2010 because he was scheduled to select a jury in Supreme Court, Queens County on that date.

The court finds the plaintiff's allegation that Mr. Norris and his attorney engaged in abusive and obstructive conduct disingenuous and declines to impose costs and sanctions.  Upon receipt of this order, counsel for the plaintiff and counsel for Mr. Norris are directed to meet and confer to determine a date for the deposition of Mr. Norris at a mutually convenient time before November 5, 2010.  The plaintiff is directed to properly serve a new subpoena on Mr. Norris that complies with Fed. R. Civ. P. 45.

Defendants' untimely request to vacate and modify this court's August 18, 2010 order which extended the discovery deadline to September 17th is denied.  Defendants' request to depose plaintiff's former employee is granted and plaintiff is directed to furnish the defendants with the last known address of this witness by October 22nd.  Any deposition of this witness must be scheduled at a mutually convenient time on or before November 5, 2010.  To the extent counsel seeks preclusion of this witness at trial, that issue must be addressed to the trial court.

Any party planning on making a dispositive motion shall take the first step in the motion process by November 30, 2010.  The final conference scheduled for October 25, 2010 is

cancelled and a new date will be set after receipt of the parties' joint letter submission.

Dated: Central Islip, New York  **SO ORDERED:**
October 18, 2010

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge